```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

KARA DANIEL                       *

        Plaintiff                 *

        vs.                       *    CIVIL ACTION NO. MJG-13-1519

NATIONAL CASUALTY                 *
INSURANCE COMPANY
                                  *
        Defendant
                                  *
*       *       *       *       *       *       *       *       *
```

MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss Second Amended Complaint, or in the Alternative, Motion for Summary Judgment [Document 47], Plaintiff's Cross-Motion for Partial Summary Judgment [Document 55], and the materials submitted relating thereto.  The Court finds a hearing unnecessary.

I.   BACKGROUND

   A.   Underlying Lawsuit

On October 26, 2007, a tractor trailer driven by Derrick Hines, an employee of R & H Trucking, Inc. ("R & H"), crashed into an automobile driven by the husband of Plaintiff Kara Daniel ("Daniel"), resulting in Mr. Daniel's death.  In October 2010, Daniel brought suit in this Court against 7 Defendants for negligence, seeking $10,000,000.00.  See JKB-10-2757.

In July 2011, Northland Insurance Company ("Northland") – the commercial trucking liability insurance carrier for H & F Bros., LLC, ("H & F"), a trucking company that had contracted with R & H to transport a shipment of goods – settled with Daniel for $1,000,000.00, the liability limit of the Northland policy.[1]  The settlement was paid "on behalf of" Northland and 5 of the Defendants: (1) H & F; (2) BDH Trucking, Inc., the predecessor to H & F; (3) R & H; (4) Aaron Hines, the owner of R & H; and (5) Derrick Hines.  As part of the settlement, Northland and the 5 Defendants assigned to Daniel:

> all of [their] rights, title and interest that [they] <u>may have</u>, whether in tort or contract for indemnification and/or contribution, for damages arising out of the accident that occurred on October 26, 2007 which is the subject of said lawsuit, including all claims against National Casualty Insurance Company [for] any failure on the part of National Casualty Insurance Company to defend or indemnify Derrick Hines, Aaron Hines, R & H Trucking, H & F Bros LLC, and/or BDH Trucking, Inc. in said Lawsuit.

<u>See, e.g.</u>, [Document 1-3] (emphasis added).

National Casualty Company ("National Casualty"), the insurance carrier for R & H, refused to tender a defense to R &

---

[1]   Daniel also obtained a $250,000.00 settlement from the insurance carrier for Hotchkiss Trucking, one of the other Defendants in the underlying lawsuit.  <u>See</u> [Document 55-11] ¶ 22.  Hotchkiss Trucking had facilitated the brokerage arrangement between R & H and H & F.  The owner of Hotchkiss Trucking has an ownership interest in H & F.

2

H, Aaron Hines, and Derrick Hines in the underlying lawsuit on the grounds that "the policy was not in effect at the time of the accident" because it had been "cancelled for non-payment of premium on September 25, 2007." [Document 55-6] at 5.

    B.    <u>The Instant Lawsuit</u>

On May 23, 2013, Daniel, as the assignee of H & F and Northland, filed the instant lawsuit against National Casualty for indemnification.[2] Daniel filed an Amended Complaint on July 26, 2013 as the assignee of H & F, Northland, BDH, Aaron Hines, Derrick Hines, and R & H. [Document 22]. National Casualty filed a Motion to Dismiss. [Document 30].

After a hearing on November 27, 2013, the Court dismissed the Amended Complaint. At the hearing, the Court stated that "[t]here is nothing in the [Amended] complaint that shows any basis to believe that any assignor of rights, other than Northland, was out of pocket or had any loss, or anything that they could claim against National Casualty. [Document 47-2] at 3.

The Court allowed Daniel to file a Second Amended Complaint ("SAC") and instructed Daniel that any claim on behalf of

---

[2]    Daniel also sued Rhonda Moreen Insurance Agency ("Rhonda Moreen"), but later dismissed the case against Rhonda Moreen, without prejudice to reinstate if discovery establishes personal jurisdiction. [Document 45].

3

Northland against National Casualty must "be set forth . . . in a clear and understandable manner" and that she should explain "whatever the relationship is . . . that puts National Casualty on the hook to pay indemnity or some kind of contribution." Id.

Daniel filed the SAC on January 3, 2014, alleging claims against National Casualty in two Counts:

    Count I          Indemnification

    Count II         Contribution

See [Document 46]. In the SAC, Daniel contends that National Casualty and Northland insured the same parties, that the National Casualty policy was primary to the Northland policy, and that Northland would not have had to pay anything in the underlying lawsuit if National Casualty had paid its policy limits of $750,000.00.

National Casualty filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [Document 47]. Daniel filed a Cross-Motion for Partial Summary Judgment. [Document 55].

II. DISCUSSION

The Court finds the parties' respective briefings inadequate. Both sides have submitted voluminous briefings that "incorporate by reference as if fully stated herein," all arguments made in previous filings related to National

4

Casualty's Motion to Dismiss the first Amended Complaint. Accordingly, the parties would have the Court review the entirety of their respective prior filings and guess which portions thereof they may contend, <u>mutatis mutandi</u>, are pertinent to the Second Amended Complaint. As rather eloquently stated in <u>United States v. Dunkel</u>, 927 F.2d 955, 956 (7th Cir. 1991), counsel should not treat judges as if we were "pigs, hunting for truffles buried in briefs."

Moreover, while Daniel contends that she is entitled to <u>partial</u> summary judgment, she does not specify which issue or issues on which she seeks summary judgment and those on which she does not.

Under the circumstances, the Court will deny the pending motions without prejudice and provide an opportunity for the parties to file new motions for summary judgment. However, the Court will require the parties, should they refile motions for summary judgment, to comply with the following:

- There shall be no incorporation by reference.

- The parties shall address, <u>with evidentiary references</u> as appropriate:

    o   The legal standards applicable to any common law indemnification and contribution claims;

    o   The relationship between R & H and H & F/BDH at the time of the October 26, 2007 accident;

    o   The intrastate or interstate nature of the National Casualty policy, with evidentiary

5

support for their contentions; and

- o The legal effect of the Premium Service Agreement entered into between R & H and Prime Rate Premium Finance Corporation, Inc. to finance the premium on the National Casualty policy and how, if at all, that differs depending upon whether it is an interstate or intrastate policy.

- The parties shall clearly explain their respective positions as to the effect of the Notice of Cancellation that Prime Rate mailed to R & H (336A Cottonfield Court, Ayden, NC 28513) on 09/13/2007.

    - o In particular, how long after September 13, 2007, did the National Casualty policy remain in effect without R & H paying installments to Prime Rate?

        - The parties debate whether the applicable timeframe for notification of cancellation was 10,[3] 15,[4] 30,[5] or 35[6] days.

        - Since the accident at issue occurred on October 26, 2007, more than 35 days after the notification, what is the basis for contending that the policy was in effect on that date?

    - o If the policy were in effect on October 26, 2007, when did the policy cease to be in effect?

---

[3] Relying upon N.C. Gen. Stat. § 58-35-85, cancellation would be effective 09/23/2007.
[4] Relying upon the Cancellation Common Policy Condition (1)(a)(1) in the National Casualty Policy, [Document 10-8] at 41, cancellation would be effective 09/28/2007.
[5] Relying upon the Cancellation Common Policy Condition (1)(a)(2) in the National Casualty Policy, [Document 10-8] at 41, cancellation would be effective 10/13/2007.
[6] Relying upon the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 C.F.R. § 387.7, cancellation would be effective 10/18/2007.
The Court notes that Daniel relies upon § 387.14(d), but there does not appear to be such a provision in the FMCSR.

6

III. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant's Motion to Dismiss Second Amended Complaint, or in the Alternative, Motion for Summary Judgment [Document 47] is DENIED WITHOUT PREJUDICE.

2. Plaintiff's Cross-Motion for Partial Summary Judgment [Document 55] is DENIED WITHOUT PREJUDICE.

3. The parties may file further motions for summary judgment consistent herewith by October 29, 2014.

   a. Responses shall be filed by November 12, 2014.

   b. Any Replies shall be filed by November 26, 2014.

SO ORDERED, on <u>Monday, September 29, 2014</u>.

                                         _____/s/_____
                                          Marvin J. Garbis
                                United States District Judge